**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                                          |       |                          |
|------------------------------------------|-------|--------------------------|
|                                          | *     |                          |
| **BANK OF AMERICA, N.A.,** *et al.*,     | *     |                          |
|     **PLAINTIFFS,**  | *     |                          |
| **v.**                                   | *     | **CASE NO.: PWG-12-3266**|
| **DAVID KISSI,** *et al.*,               | *     |                          |
|     **DEFENDANTS.**  | *     |                          |
|                                          | *     |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This Memorandum Opinion disposes of:

(1) Defendant David Kissi's Motion to Dismiss Bank of America's Claim Combined with the Kissis'[1] $100 Million Counter-Claim Against Bank of America, Countrywide, Specialized Loan Servicing, LLC, EMC, Chase Mortgage Bank, JP Morgan, David Panzer, John Burson, Sanford Saunders and Greenberg Traurig Law Firm ("Kissi Mot. to Dismiss & Countercl."), ECF No. 8, and Plaintiffs Bank of America, N.A. ("BANA") and Specialized Loan Servicing, LLC's ("SLS") Memorandum in Opposition to Kissi's Motion to Dismiss ("Pls.' Opp'n to Kissi's Mot. to Dismiss"), ECF No. 9;

(2) Plaintiffs' Motion to Dismiss Kissi's Counterclaim ("Pls.' Mot. to Dismiss Countercl."), ECF No. 10, and supporting Memorandum ("Pls.' Countercl. Mem."), ECF No. 10-

---

[1]    David Kissi is co-defendant with his wife, Edith Truvillion, but many of their filings have been submitted on behalf of only one defendant. Although the Court will refer to Kissi and Truvillion separately, or jointly as Defendants where appropriate, in many instances Kissi and Truvillion refer to themselves as the Kissis, even in filings that are filed by only Kissi or Truvillion alone. To avoid confusion, the Court will endeavor to be clear and consistent as to who has filed what even when motion titles are unclear.

1; Kissi's Opposition ("Kissi Opp'n to Pls.' Dismiss & Summ. J."), ECF No. 12; and Plaintiffs'

Reply ("Pls.' Dismiss & Summ. J. Reply"), ECF No. 13;[2]

(3) Plaintiffs' Motion for Partial Summary Judgment, ECF No. 11, and supporting

Memorandum ("Pls.' Summ. J. Mem."), ECF No. 11-3; Kissi's Opposition, ECF No. 12; and

Plaintiffs' Reply, ECF No. 13;[3]

(4) Plaintiffs' Motion for Alternative Service, or in the Alternative, for an Extension of

Time to Serve Edith Truvillion ("Pls.' Alt. Service Mot."), ECF No. 19; Kissi's Opposition

("Kissi's Alt. Service Opp'n"), ECF No. 20; and Plaintiffs' Reply ("Pls.' Alt. Service Reply"),

ECF No. 21;

(5) Kissi's motion to transfer this case ("Kissi Transfer Mot."), ECF No. 23, and

Plaintiffs' Opposition ("Pls.' Transfer Opp'n"), ECF No. 24;

(6) Kissi's "Motion to Dismiss Bank of America et al's Motion for Legal Fees" ("Kissi

Legal Fees Mot."), ECF No. 26, and Plaintiffs' Opposition ("Pls.' Legal Fees Opp'n"), ECF No.

27;[4]

---

[2]     Kissi actually filed a consolidated opposition to Plaintiffs' Motion to Dismiss and
Plaintiffs' motion for Partial Summary Judgment. *See* Kissi Opp'n to Pls.' Dismiss & Summ. J.
Plaintiffs responded with a "Consolidated Reply." ECF No. 13. For ease of sorting out the
many pending motions, these responsive filings are listed once for each motion to which they
relate.

[3]     Kissi also has filed an "Amended Opposition to Summary Judgment—Combined with a
Request to Stay Proceedings," ECF No. 29. Insofar as this is best considered a motion to stay, it
also is docketed as ECF No. 32 and discussed *infra* note 5. Insofar as this filing purports to be a
surreply in response to Plaintiffs' motion for summary judgment, it is improper and will not be
considered by this Court. *See* Loc. R. 105.2(a).

[4]     Kissi has filed "Edith & Kissi's Supplement to Motion to Dismiss for BOA et al's
Default" ("Kissi's Dismiss Reply"), ECF No. 36, which has been docketed as a reply in further
support of Defendant Edith Truvillion's Motion to Dismiss Bank of America et al's Claim
Combined with a Motion for a Stay on Kissi Counter-Claim ("Truvillion Mot. to Dismiss"), ECF
No. 34, discussed *infra*. However, because Truvillion's Motion to Dismiss was filed by
Truvillion alone, and not by Kissi, it is not clear that Kissi has a right of reply with respect to that

(7) Kissi's motion to stay these proceedings ("Kissi Stay Mot."), ECF No. 32,[5] and Plaintiffs' Opposition ("Pls.' Stay Opp'n"), ECF No. 33; and

(8) Defendant Edith Truvillion's Motion to Dismiss Bank of America et al's Claim Combined with a Motion for a Stay on Kissi Counter-Claim ("Truvillion Mot. to Dismiss"), ECF No. 34, and Plaintiffs' Opposition ("Pls.' Truvillion Dismiss Opp'n), ECF No. 35.

A hearing is not necessary. *See* Loc. R. 105.6.[6] For the reasons stated herein, Kissi's motion to dismiss is GRANTED with respect to Count Two and otherwise is DENIED and Kissi's purported counterclaim is STRICKEN; Plaintiffs' motion to dismiss Kissi's counterclaim is GRANTED; Plaintiffs' motion for partial summary judgment is DENIED without prejudice; Plaintiffs' motion for alternative service is DENIED as moot; Kissi's motion to transfer is DENIED; Kissi's motion to dismiss BANA's motion for legal fees is DENIED; Kissi's motion

---

motion. *See* "brief," *Black's Law Dictionary* (9th ed. 2009) (defining "reply brief" as "A brief that responds to issues and arguments raised in the brief previously filed by one's opponent; esp. *a movant's or appellant's brief* filed to rebut a brief in opposition" (emphasis added)). Nor can Kissi file briefs on behalf of Truvillion because he is not an attorney, much less one admitted in this Court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Loc. R. 101.1(a) ("[O]nly members of the Bar of this Court may appears as counsel in civil cases."). Further, to the extent it sets forth a comprehensible argument, Kissi's Dismiss Reply appears to be intended as an untimely reply supporting Kissi's Legal Fees Motion, ECF No. 26, and will be treated as such. Because it was not submitted within the time limits provided for in Local Rule 105.2(a), it will not be considered by this Court.

[5]     It appears that ECF Nos. 29 and 32 are the same document, but with different exhibits attached. For convenience and clarity, the Court will defer to the docketing clerk in treating ECF No. 29 as a purported surreply opposing summary judgment and ECF No. 32 as a motion for a stay. However, this will have no effect on the Court's resolution of any issues. *See supra* note 3.

[6]     Kissi repeatedly has requested a hearing pursuant to Maryland Rule 2-311 and argued that "the norm in MD Courts is that a case should not be summarily dismissed" without a hearing. Kissi Dismiss Opp'n 4; *see also* Kissi Legal Fees Mot. 1. However, federal courts must apply federal, not state, procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). The Federal Rules of Civil Procedure do not require a hearing on a dispositive motion, and Local Rule 105.6 provides that, in the ordinary case, no hearing will be provided.

to stay is DENIED; and Truvillion's motion to dismiss and to stay is DENIED. Defendants must file their Answers no later than September 30, 2013.  Except as expressly provided for herein, no other filings will be permitted until this Court enters a Case Management Order.

## I.    BACKGROUND[7]

This Memorandum Opinion seeks to untangle the Gordian Knot created by eight related motions, the briefing of which has become deeply convoluted by the use of unclear, consolidated responses and the disregard of the strictures of Fed. R. Civ. P. 7(b)(1).  At the outset, resolving these motions requires a thorough understanding of the uniquely troublesome history of Defendants David Kissi and Edith Truvillion, both in this Court generally and with respect to Plaintiffs BANA and SLS specifically.  Kissi and Truvillion are well known in this Court, and in many other courts, for their pattern of repeatedly engaging in extended, frivolous, vexatious, and abusive litigation against virtually anybody within reach.[8]

---

[7]    For the purposes of resolving the various motions to dismiss, this Court accepts the facts alleged in Plaintiffs' Complaint as true.  *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). This Court also may take judicial notice of the existence of court records, Fed. R. Evid. 201(b); *see also WW, LLC v. Coffee Beanery, Ltd.*, No. WMN-05-3360, 2012 WL 3728184, at *6 (D. Md. Aug. 27, 2012), even in the context of a motion to dismiss, *see Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) ("Nor must we 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

[8]    In addition to the record presented in the instant case, a search for Kissi's name on Westlaw reveals over sixty-five opinions in cases to which he was a party, including cases in the United States District Courts for the Districts of Maryland, the District of Columbia, New Jersey, Delaware, the Northern District of Ohio, and the Eastern District of Virginia; the United States Courts of Appeals for the Third, Fourth, District of Columbia, and Federal Circuits; the Court of Federal Claims; the D.C. Court of Appeals; and the Judicial Panel on Multi-District Litigation. Kissi has not prevailed on the merits in *any* of these cases.  This list, of course, leaves out the many other Kissi cases for which the information is not available on Westlaw.

Kissi and Truvillion's trouble with the courts appears to date back at least to 2002, when an entity called Pramco II, LLC ("Pramco") brought a series of debt collection actions against Kissi and Truvillion. *See Pramco II, LLC v. Kissi*, No. PJM-02-42 (D. Md. filed Jan. 3, 2002); *Pramco II, LLC v. Kissi*, No. PJM-02-43 (D. Md. filed Jan. 3, 2002); *Pramco II, LLC v. Kissi*, No. PJM-02-44 (D. Md. filed Jan. 4, 2002). In 2003, in light of Kissi and Truvillion's continued abusive conduct, Pramco brought an additional action seeking, *inter alia*, "injunctive relief against frivolous and vexatious litigation." *Pramco II, LLC v. Kissi*, No. PJM-03-2241 (D. Md. filed Aug. 1, 2003). Judge Messitte granted Pramco's request for a preliminary injunction barring Defendants from attempting a collateral attack on any order of this Court and "prohibiting Defendants or their agents or individuals acting in concert with them from filing any pleadings, actions or proceedings" related to Pramco or any of a list of related cases and parties "without seeking leave of this Court." Preliminary Inj., *Pramco II, LLC v. Kissi*, No. PJM-03-2241 (D. Md. Oct. 10, 2003), ECF No. 53-1 (the "*Pramco* Injunction"); *see also* Pls.' Summ. J. Mem. Ex. Q, ECF No. 11-20 (same). The *Pramco* Injunction was made permanent by an order filed on October 25, 2004. Order, *Pramco II v. Kissi*, No. PJM-03-2241 (D. Md. Oct. 25, 2004), ECF No. 182.

Over the next several years, Kissi continued to bring frivolous motions in the *Pramco* cases, leading this Court to issue an order summarily denying all of Kissi and Truvillion's pending motions, noting that "[i]t is clear that even in the presence of the Preliminary Injunction, Defendants have taken actions suggesting a total disregard of the injunction and inviting further contempt criminal proceedings." Mem. Op., *Pramco II, LLC v. Kissi*, No. PJM-03-2241, 2 (D. Md. June 20, 2008), ECF No. 338. As such, "the Court expressly decline[d] to dissolve the preliminary injunction" still in effect. *Id.*

Kissi's more recent requests to dissolve the *Pramco* Injunction were denied by Chief Judge Chasanow, who observed that "Kissi's dozens of vexatious lawsuits have been directed against numerous individuals as well as organizational entities, often against the same Defendants multiple times." Mem. Op. & Order, ¶ 1, *In re Kissi Litig.*, No. MC-12-287 (D. Md. Aug. 8, 2012) (the "*Pramco* Order"), ECF No. 1; *see also* Pls.' Summ. J. Mem. Ex. R, ECF No. 11-21 (same). The order also found that "[e]xcept for a few technical successes, Kissi has lost virtually every one of his lawsuits in both the trial courts and on appeal, where his pleadings hav[e] been consistently characterized as vexations and harassing," and noted that Kissi had been sentenced to prison for, *inter alia*, contempt charges arising from Kissi's disregarding this Court's injunction. *Pramco* Order, *supra* ¶ 3–4.

Kissi and Truvillion's reputation for bringing ceaseless, frivolous litigation is not limited to Pramco or the District of Maryland. *See, e.g.*, *Kissi v. Pramco II, LLC*, 401 F. App'x 787, 788 (4th Cir. 2010) ("[Kissi] is enjoined from filing any further actions in this court until this sanction is paid and a district court judge certifies that his claim is not frivolous."); *Kissi v. Gillespie*, 348 F. App'x 704, 705 (3d Cir. 2009) ("Because of his dilatory and vexatious conduct in that case and related cases . . . the District of Maryland issued a broad injunction prohibiting Kissi from filing any further actions or documents relating to the subject matter of the litigation in *any* other court."); *Kissi v. United States*, 493 F. App'x 57, 59 (Fed. Cir. 2012) (acknowledging Kissi's "long and complicated litigation history"); *United States v. Kissi*, No. AW-05-254, 2013 WL 489989, at *3 (D. Md. Feb. 7, 2013) ("It is remarkable that following the Court's finding that Mr. Kissi's litigious conduct violated the terms of his supervised release, Mr. Kissi filed yet another lawsuit."); *Kissi v. Pramco II LLC*, No. JJF-09-133, 2009 WL 2424433, at *1 (D. Del. Aug. 5, 2009) ("Plaintiff is placed on NOTICE that future filings will be

forwarded to the United States Court for the District of Maryland and WILL NOT BE CONSIDERED by this Court."); *Kissi v. Pramco II, LLC*, No 08-cv-1174, 2009 WL 8637883, at *3 (E.D. Va. March 4, 2009) ("The complaint presently before this Court patently is another instance of Kissi's ongoing contemptuous disregard for the orders of the federal courts and the rule of law in general."); *Kissi v. Ammendale Trust*, No. JLL-08-3574, 2009 WL 485179, at *1 (D.N.J. Feb. 26, 2009) (noting that Kissi "is no stranger to the federal courts" and finding Kissi's claim barred by the *Pramco* Injunction); *Kissi v. Messitte*, No. RWT-08-3360, 2009 WL 8660079, at *1 (D. Md. Jan. 30, 2009) ("Kissi's allegation is malicious, vexatious, and devoid of any basis in fact. The Complaint represents yet another attempt by Kissi to continue his campaign of repetitive, vexatious, and frivolous litigation."); *Kissi v. Clement*, No. 08-CV-1784, 2008 WL 7526326, at *5 (N.D. Ohio Oct. 3, 2008) ("Mr. Kissi has established a clear pattern of filing complaints in this court and in other district courts which are patently frivolous and vexatious, and which are certainly calculated to harass the defendants and abuse the judicial process. It also is apparent that he will continue on this course until he is prevented from proceeding in this manner. Accordingly, David M. Kissi is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court . . . ."); *Kissi v. Wilson*, No. PJM-08-1638, 2008 WL 7555488, at *1 n.1 (D. Md. Aug. 29, 2008) ("This case was transferred here by the United States District Court for the Northern District of Ohio. This case represents one of many efforts by Kissi to evade the pre-filing injunction issued against him." (citations omitted)); *Pramco II LLC v. Kissi*, Nos. PJM-03-2241, PJM-02-42, PJM-02-43, PJM-02-44, PJM-03-748, 2008 WL 7546954, at *1 (D. Md. June 20, 2008) ("The Court has communicated with the U.S. District Court for the Northern District of Ohio and has advised that court of the existence of this Court's preliminary injunction and shall invite the Judges of that

court to transfer their cases to Maryland."); *Kissi v. United States*, 102 Fed. Cl. 31, 38 (Ct. Fed. Cl. 2011) ("[Kissi's] frivolous claims in this case, coupled with his history in other U.S. courts, leads the Court to conclude that it is in the best interest of judicial resources to deter [Kissi] from filing future frivolous lawsuits in this Court.").

As a result of Kissi's continued abuse of litigants and the court system, this Court issued a broad prefiling injunction that bars Kissi from, *inter alia*, instituting new civil cases without approval from the Chief Judge or even entering the courthouse without specific permission. Mem. Op. & Order, *In re Kissi*, No. MC-13-33 (March 14, 2013) (the "Kissi Injunction"). Numerous other courts have subjected Kissi to similar restrictions. *See, e.g.*, *In re Kissi*, No. 2425, 2013 WL 489023, at *3–4 (J.P.M.L. Feb. 6, 2013) (refusing to accept any filings from Kissi with respect to certain matters) (the "JPML Order"); Order, *Kissi v. Capitol Bank*, No. 2012-CA-8122B (D.C. Super. Ct. Jan. 3, 2013) (the "DC Injunction") (prefiling injunction); *Kissi*, 401 F. App'x at 788 (Fourth Circuit prefiling injunction); *Kissi*, 2009 WL 2424433, at *1 (District of Delaware ordering that future filings by Kissi will not be considered and will be directed to the District of Maryland); *Kissi*, 2008 WL 7526326, at *5 (Northern District of Ohio enjoining Kissi from filing new documents without leave of court), *Kissi*, 102 Fed. Cl. At 38 (barring Kissi from filing further actions related to Pramco or his bankruptcy proceedings in the Court of Federal Claims).

Kissi and Truvillion's history with BANA and SLS is no exception from their well-established pattern. The interactions between the parties date back to 2006, when Defendants took out a mortgage on the property located at 4305 Ammendale Road, Beltsville, Maryland. Compl. ¶¶ 7-8, ECF No. 1. The loan secured by the mortgage is serviced by BANA and sub-serviced by SLS. *Id.* ¶ 9. Plaintiffs allege that Kissi and Truvillion are behind on their mortgage

payments, but that no foreclosure action is pending; Plaintiffs do not allege that they have initiated any other lawsuits against Kissi or Truvillion. *Id.*

On April 3, 2012, Kissi and Truvillion filed their first lawsuit against BANA, SLS, and SLS officer John Beggins in the Circuit Court for Prince George's County (the "First Action"). *Id.* ¶ 10. That case alleged that BANA, SLS, and Beggins falsely asserted ownership over the Ammendale property, failed to account for mortgage payments twenty-five years earlier, and charged an inflated rate of interest because of Kissi and Truvillion's race. *Id.* ¶ 11. The case was removed to the United States District Court for the District of Maryland and this Court dismissed the complaint without leave to amend on June 27, 2012. *Id.* ¶¶ 10–12. Kissi and Truvillion filed several motions seeking, *inter alia*, reconsideration, transfer of the case to California, and the recusal of Judge Motz; all were denied. *Id.* ¶ 12. Kissi and Truvillion sought appellate review, which was denied for their failure to comply with the Fourth Circuit's injunction in *Kissi v. Pramco II, LLC*, 401 F. App'x at 788. Compl. ¶ 12.

Shortly before the First Action was dismissed, Kissi and Truvillion filed a petition with the Judicial Panel on Multidistrict Litigation (the "JPML") (the "First Petition") seeking to consolidate the First Action with another case and to centralize the actions before the Central District of California. *Id.* ¶ 14. The First Petition was summarily closed upon the dismissal of the First Action. *Id.*

On July 9, 2012, Kissi and Truvillion filed a second lawsuit in the Circuit Court for Prince George's County (the "Second Action") against the same defendants and alleging the same claims as in the First Action. *Id.* ¶ 15. The defendants in that action moved to dismiss, and that motion was pending when the instant Complaint was filed. *Id.* Among the proceedings in the Second Action are Kissi and Truvillion's motion to transfer the case out of Maryland state

court—where they brought the suit—to the United States District Court for the Central District of California. *Id.* ¶ 21. After the Complaint was filed, the Second Action was dismissed, as reflected in docket entries on December 11, 2012 and January 2, 2013. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/inquiry/processDisclaimer.jis.

On July 16, 2012, Kissi and Truvillion filed a second petition with the JPML (the "Second Petition"), once again seeking to consolidate the First Action with other, unrelated actions notwithstanding the dismissal of the First Action. Compl. ¶ 16. The Second Petition was closed after another case was dismissed and the case lost its multidistrict nature. *Id.*

On July 24, 2012, Kissi and Truvillion filed an action in the United States District Court for the Central District of California against BANA, SLS, Beggins, SLS officer Susan Beck, and BANA officer Brian Moynihan (the "Third Action"). *Id.* ¶ 17. The Third Action "is predicated on the same vague allegations raised in the [First Action], as well as confusing allegations relating to a 'consent agreement' between the Federal Trade Commission and Countrywide." *Id.* The court refused to accept filing of the complaint without prepayment of a filing fee, noting that "[t]he district is not the proper venue for plaintiff's claim related to real property located in Maryland and his request, under Maryland law, for injunctive relief enforceable in Maryland." *Id.*; *see* Order re Leave to File Action Without Prepayment of Filing Fee, *Kissi v. Bank of Am.*, No. UA-12-6356 (C.D. Cal. Aug. 3, 2012) (the "C.D. Cal. Order"), Pls.' Summ. J. Mem. Ex. K, ECF No. 11-14.

On August 31, 2012, Kissi and Truvillion filed another lawsuit in the Central District of California (the "Fourth Action") setting forth virtually identical allegations to those in the Third Action. Compl. ¶ 18. The court refused to hear these claims for the same reasons that it had given a month earlier. *Id.*

On October 16, 2012, Kissi filed a lawsuit in the Superior Court for the District of Columbia (the "Fifth Action") against "Bank of America/Countrywide/Specialized Loan Servicing," as well as over 30 other defendants. *Id.* ¶ 19. At the time that Plaintiffs filed the instant Complaint, they had not yet been served in the Fifth Action. *Id.* The online docket indicates that it has since been dismissed. Court Cases Online, D.C. Courts, www.dccourts.gov/internet/CCO/jsf.

Plaintiffs assert that Kissi and Truvillion's conduct constitutes "vexatious and frivolous" litigation carried out "to attempt to extort money from SLS and BANA." *Id.* ¶ 24. This conduct has caused Plaintiffs "to incur substantial and unwarranted fees and costs in defending against said actions." *Id.* ¶ 28. Accordingly, Plaintiffs filed suit on November 6, 2012, asserting one count for injunctive relief and one count for damages for abuse of process. *Id.* ¶¶ 35, 40.

Kissi responded with a Motion To Dismiss Bank of America's Claim Combined With The Kissis' $100 Million Counter-Claim Against Bank of America, Countrywide, Specialized Loan Servicing LLC, EMC, Chase Mortgage Bank, JP Morgan, David Panzer, John Burson, Sanford Saunders and Greenberg Traurig Law Firm on November 28, 2012. In support of Kissi's purported counterclaim, Kissi asserts that "BOA, Countrywide and SLS have inherited the fraud and 'Conversion' for 'Unjust Enrichment' by EMC, JP Morgan, Chase Mortgage Bank and the law firm of Greenberg Traurig and its Agents, David Panzer, Sanford Saunders, John Burson, and substitute Trustee Joseph Buonaississi over this property." Kissi Mot. to Dismiss & Countercl. 2.

Plaintiffs responded separately to Kissi's motion to dismiss and his purported counterclaim, filing a Memorandum in Opposition to Kissi's Motion to Dismiss and a separate Motion to Dismiss Kissi's Counterclaim.

Subsequently, Plaintiffs also have filed a motion for summary judgment on their claim for injunctive relief. In support of that motion, Plaintiffs have set forth additional facts that were not available at the time the Complaint was filed. Specifically, Plaintiffs assert that Kissi has filed a third petition with the JPML (the "Third Petition") on November 20, 2012. Pls.' Summ. J. Mem. 8–9; Br., *In re Kissi Litig.* (J.P.M.L. Nov. 30, 2012), Pls.' Summ. J. Mem. Ex. O, ECF No. 11-18. The JPML ruled on Kissi's petition on February 6, 2013, and ordered that it will accept no further filings from Kissi with respect to, *inter alia*, his litigation against Plaintiffs. *In re Kissi*, No. 2425, 2013 WL 489023, at *3–4 (J.P.M.L. Feb. 6, 2013).[9]

On January 3, 2013, the Superior Court of the District of Columbia issued a prefiling injunction against Kissi. DC Injunction, *supra*. Plaintiff claims that Kissi nevertheless "attempted to file yet another action . . . against the Plaintiffs" on May 17, 2013 in an attempt to circumvent the DC Injunction. Pls.' Second Summ. J. Supp. ¶¶ 3–6.[10]

On March 14, 2013, Chief Judge Chasanow entered the Kissi Injunction. Mem. Op. and Order, *In re David M. Kissi*, No. MC-13-33 (March 14, 2013).

Subsequently, Plaintiffs have filed their Motion for Alternative Service, or in the Alternative, for an Extension of Time to Serve Edith Truvillion. Kissi has filed a motion to transfer the case, a Motion to Dismiss Bank of America et al's Motion for Legal Fees, and a

---

[9]    Plaintiffs' Summary Judgment Memorandum also argues that Kissi's counterclaim is relevant to Plaintiffs' claims as another example of his "tactics of harassment and extortion." Pls.' Summ. J. Mem. 9. However, because Kissi's response to Plaintiffs' claims was entirely foreseeable, it is difficult not to regard it as a self-inflicted wound.

[10]    Plaintiffs' representations were incorrect when made and have become more so since. In fact, according to the docket available at Court Cases Online, D.C. Courts, www.dccourts.gov/internet/CCO/jsf, Kissi's filing on May 17, 2013 was a motion seeking to amend his complaint and was denied by Judge Macaluso on August 1, 2013, following which that case was dismissed and closed.

motion to stay.  Defendant Truvillion has filed a Motion to Dismiss Bank of America et al's Claim Combined with a Motion for a Stay on Kissi Counter-claim, ECF No. 34.

I am tasked with the unenviable job of deciphering and untangling this bewildering array of filings.

## II.     STANDARD OF REVIEW

### A.  Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  Further, a court need not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'"  *Veney v.*

*Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**B. Summary Judgment**

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). In reviewing a motion for summary judgment, the Court considers the evidence in the light most favorable to the non-moving party—here, Defendants. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004).

If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. To satisfy this burden, the non-moving party "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). Although the Court "must draw all reasonable inferences in favor of the non-moving party," that party "may not create a genuine issue of material fact through mere speculation, or building one inference upon another." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Runnenbaum v. NationsBank*, 123

F.3d 156, 163 (4th Cir. 1997); *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 817–18 (4th Cir. 1995)). Indeed, the existence of only a "scintilla of evidence" is not enough to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the admissible evidentiary materials submitted must show facts from which the finder of fact could reasonably find in favor of the non-moving party. *Id.*

### C. Filings by *Pro Se* Parties

Defendants Kissi and Truvillion proceed *pro se* and ordinarily such filings are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this solicitude does not exempt Defendants from the requirements in the Rules to provide support for each motion. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) ("'Even prisoners proceeding pro se must adhere to the rudimentary dictates of civil procedure'" (quoting *Arey v. Harris*, No. 74-2360 (4th Cir. June 17, 1975))). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992). Further, this Court is not required to turn a blind eye to Kissi and Truvillion's established pattern of filing non-meritorious and vexatious pleadings in legion other cases when reviewing their current filings for sufficiency.

### III.  DISCUSSION

The Kissis' history of frivolous and abusive litigation shows that, if given any opportunity (and even when expressly enjoined from doing so), they are likely to occupy a

seemingly limitless percentage of this Court's time and energy. Accordingly, although Defendants' filings are entitled to the liberal construction given to all *pro se* litigants and will not be penalized for formal or technical errors, the Court nonetheless will demand reasonable clarity and coherence and will not tolerate attempts to obstruct or abuse the judicial system.[11]

### A. Service on Edith Truvillion and Truvillion's Motion to Dismiss

On February 27, 2013, Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 4(e)(1) and Maryland Rule 2-121 seeking an order to permit alternative service on Truvillion or granting an extension of time to serve her. In their motion, Plaintiffs stated that they had "been unable to obtain personal service on Truvillion despite diligent efforts." Pls.' Alt. Service Mot. ¶ 9. Kissi filed an opposition to this motion stating that "we had waived service." Kissi's Alt. Service Opp'n 1. That opposition appears on a single page and appears to be signed by Kissi alone, but the certificate of service appearing on the bottom of the page is signed by Truvillion. Plaintiffs argue that the appearance of Truvillion's signature on the page means that it has been "signed by both defendants," and that therefore Truvillion has, in fact, waived service. Pls.' Alt. Service Reply ¶ 2.

Truvillion's signature on Kissi's Alternate Service Opposition does not appear to meet with the requirements of Fed. R. Civ. P. 11(a); it does not include her address or telephone number. However, by signing and serving the opposition, Truvillion makes clear that she was aware of the document and had adopted its contents. *Cf.* Fed. R. Evid. 801(d)(2)(B). Further, Truvillion has filed an "Affidavit in Support of Kissi' Motion for a Summary Judgment," ECF

---

[11]     Indeed, insofar as Kissi and Truvillion already are barred from filing any actions in this Court without permission, it appears that the primary, if unintended, achievement of Plaintiffs in filing this lawsuit is to provide Kissi and Truvillion with the means to circumvent the Kissi Injunction and to find new and creative ways to monopolize this Court's time.

No. 25,[12] in which she asserts under oath that she has "a firsthand knowledge of this case for I am a Counter-Plaintiff" and that she "promptly and timely responded" to the Summons and Complaint. Truvillion Aff. in Supp. of Kissi Mot. for Summ. J. 1.

"Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 1996). Here, there is no question that, at the very least, Truvillion had actual notice of the action, adopted a statement that she was waiving service, and believed that she was taking part in the action as a party. Accordingly, she is deemed to have waived service and the motion for alternate service is DENIED as moot.

More recently, Truvillion has filed a motion to dismiss claiming, *inter alia*, that she "wasn't properly joined or served by Bank of America (BOA) et al." Truvillion Mot. to Dismiss 1. This sounds in a motion to dismiss for insufficient service of process, Fed. R. Civ. P. 12(b)(5), and stands in direct contradiction to Truvillion's adoptive representation that she had waived service. Accordingly, she is estopped from arguing that service was not properly effected. The only other arguments in Truvillion's motion to dismiss are meritless and incoherent.[13] Accordingly, Truvillion's motion to dismiss is DENIED.

---

[12] The procedural effect of this affidavit is unclear insofar as neither Defendant has filed a motion for summary judgment. Nor does the affidavit appear to make any arguments in favor of summary judgment. As such, to the extent it requests any affirmative relief from this Court, it is DENIED.

[13] Truvillion argues that BANA "did not obtain my consent before it transferred the original proceedings from Prince George's County Circuit Court to this Court." Truvillion Mot. to Dismiss 1. This case commenced with the filing of a complaint in this Court and was not removed from state court; her argument therefore lacks any basis in fact.

**B. Kissi's Motion to Dismiss**

Kissi has moved to dismiss Plaintiffs' Complaint for failure to state a claim, but has not identified any specific shortcomings of the Complaint. Kissi Mot. to Dismiss 1.[14] Plaintiffs allege two claims against Defendants: one count seeking injunctive relief preventing Kissi and Truvillion from bringing further litigation against Plaintiffs and one count of abuse of process. Compl. 9–11.

Plaintiffs' Count One seeks a prefiling injunction preventing Kissi and Truvillion from bringing any further litigation against Plaintiffs, in an exercise of this Court's authority under the All Writs Act, 28 U.S.C. § 1651(a) (granting federal courts the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). "Prefiling injunctions such as the one [sought] in this case should be used only in the most extreme circumstances. However, the courts are not without authority to issue prefiling injunctions where conduct of litigants . . . interferes with the fulfillment of Article III functions and responsibilities of the court." *Briggs v. Comfort Inn of Wash.*, 923 F.2d 847, 1991 WL 4656, at *1 (4th Cir. 1991).

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all of the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

---

[14] Kissi's motion to dismiss also asks the Court "to transfer this matter to California per Multidistrict Litigation Panel," a request that is repeated in Kissi's Motion to Transfer, discussed *infra*. Otherwise, Kissi's motion to dismiss consists primarily of immaterial, impertinent, and scandalous matter, followed by Kissi's counterclaim. The former is hereby STRICKEN pursuant to Fed. R. Civ. P. 12(f)(1), and the latter is discussed *infra*.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Plaintiffs adequately have pleaded a claim for a prefiling injunction. They have demonstrated Kissi and Truvillion's troubling history of vexatious, harassing, and duplicative lawsuits. Compl. ¶¶ 10–20. They have alleged that Kissi and Truvillion lacked a good faith basis for their actions. *Id.* ¶ 20. They have alleged a considerable burden on the courts and on Plaintiffs themselves. *Id.* ¶¶ 27–34. And they have alleged that "no alternative sanction will serve to prevent further abuse by Kiss[i] and Truvillion." *Id.* ¶ 31.

Count Two, Plaintiffs' purported claim for abuse of process, is more problematic. The elements of abuse of process are (1) an ulterior purpose, (2) a willful act in the use of process not proper in the regular conduct of the proceeding, and (3) damages. *Att'y Grievance Comm'n v. Roberts*, 904 A.2d 557, 571 (Md. 2006); *Campbell v. Lyon*, 26 F. App'x 183, 191 (4th Cir. 2001). However, "[i]t is important to keep in mind that 'the injuries contemplated by this particular tort (and an indispensable element of it) are limited to an improper arrest of the person or to an improper seizure of property.'" Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Md.* § 3.127, at 395 (5th ed. 2013) (quoting *Campbell v. Lake Hallowell Homeowners Ass'n*, 852 A.2d 1029, 1044 (Md. Ct. Spec. App. 2004)). Plaintiffs have not alleged this type of harm in their Complaint. Compl. ¶ 40 (alleging "damages in the form of litigation expenses and time spent . . . dealing with Kissi and Truvillion's use of perverted process"). Nor have Plaintiffs given any indication in their Opposition to Kissi's Motion to Dismiss that they could satisfy the elements of abuse of process. *See* Pls.' Opp'n to Kissi's Mot.

to Dismiss (omitting any discussion of abuse of process).[15]  Therefore, Plaintiffs have failed to state a claim for abuse of process.

Accordingly, Kissi's Motion to Dismiss is GRANTED with respect to Count Two: Abuse of Process, and is otherwise DENIED.

### C.  Plaintiffs' Motion to Dismiss Kissi's Counter-Claim

Plaintiffs move to dismiss Kissi's $100 million counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and on *res judicata* grounds.  Pls.' Mot. to Dismiss Countercl. ¶¶ 1–2.  Plaintiffs appear to give Kissi the benefit of the doubt regarding whether he has pleaded a plausible cause of action, raising affirmative defenses to his counterclaim.  This gives Kissi too much credit, as he has not properly pleaded his counterclaim at all.

Kissi's counterclaim appears as part of the same filing that contains his motion to dismiss.  Fed. R. Civ. P. 13 calls for counterclaims to be presented in a "pleading."  *See* Fed. R. Civ. P. 13(a) ("A *pleading* must state as a counterclaim" (emphasis added)); Fed. R. Civ. P. 13(b) ("A *pleading* may state as a counterclaim" (emphasis added)).  Rule 7 makes clear that "only [certain] pleadings are allowed."  Fed. R. Civ. P. 7(a).  A motion to dismiss is not listed as a pleading under the definition in Rule 7(a).  *See Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993) ("Rule 13(a) does not come into play when a defendant files only a motion to dismiss, instead of a pleading.").  Accordingly, Kissi's counterclaim has not been made in a pleading and is invalid.  Moreover, against the backdrop of Kissi's unabated history of filing

---

[15]     Nor could Plaintiffs' claim be saved by construing it as a claim for malicious use of process.  *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The tort of malicious use of process similarly requires "that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury that would not necessarily result in all suits prosecuted to recover for a like cause of action."  *One Thousand Fleet Ltd. P'ship*, 694 A.2d at 956 (citing *Keys v. Chrysler Credit Corp.*, 494 A.2d 200, 205 (Md. 1985); *Owens v. Graetzel*, 132 A. 265, 267 (Md. 1926)).

frivolous and harassing actions, this Court declines to construe his motion to dismiss as a counterclaim, for to do so manifestly would not serve to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. For this reason, the counterclaim is STRICKEN and Plaintiffs' motion to dismiss Kissi's counterclaim is GRANTED.

### D. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs seek summary judgment on their claim for injunctive relief. To grant summary judgment, this Court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiffs cannot simply allege the lack of a genuine issue of fact, but must "support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Although Plaintiffs have attached twenty-eight exhibits to their Summary Judgment Memorandum, *see* Pls.' Summ. J. Mem. Exs. A–Z, 1–2, ECF Nos. 11-4 to 11-31, Plaintiffs have attached no affidavits or declarations and Plaintiffs' Complaint is not verified. *Cf. Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." (emphasis added)). But, under Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not *be* in admissible form; the requirement is that the party identify facts that *could be* put in admissible form. *See Niagara Transformer Corp. v. Baldwin Techs., Inc.*, No. DKC-11-3415, 2013 WL 2919705, at *1 n.1 (D. Md. June 12, 2013).

In view of the evidence presented to support summary judgment, the Court can find that there is no genuine issue of material fact with respect to the first two necessary elements:

Defendants' history of litigation and their lack of a good faith basis for pursuing that litigation.

The myriad complaints signed by Kissi and the several signed by Truvillion show that they have

brought several similar claims against Plaintiffs. *See, e.g.*, Compl. of Fraud Against Mortgage

Note Holders Bank of Am. and Loan Servicer Specialized Loan Servicing LLC Over 4305

Ammendale Rd., Beltsville, MD 20705, at 1, *Kissi v. Bank of Am.*, No. JFM-12-1322 (D. Md.

Apr. 30, 2012), Pls.' Summ. J. Mem. Ex. A, ECF No. 11-4 (alleging that BANA and SLS "have

and continue to defraud [Kissi and Truvillion]"); A $60,000 Claim Against Mortgage Note

Holders Bank of Am. and Loan Servicer Specialized Loan Servicing LLC Over 4303 and 4305

Ammendale Rd., Beltsville, MD 20705 for Mortgage Fraud as Amended 1, *Kissi v. Bank of Am.*,

No. CAL-12-19720 (Md. Cir. Ct. Prince George's Cnty. July 11, 2012), Pls. Summ. J. Mem.

Ex. E, ECF No. 11-8 (alleging that "Bank of America (BOA) and Specialized Loan Servicing

have and continue to defraud [Kissi and Truvillion]"); Claim in an Amount of $5 Million

Against the Defendants for Defrauding the Plaintiffs, *Kissi v. Bank of Am./Countrywide*, No.

UA-12-6356 (C.D. Cal. July 24, 2012), Pls.' Summ. J. Mem. Ex, J, ECF No. 11-13 ("Third

Complaint") (alleging fraud on the part of BANA and SLS). The record reflects several

unsupported attempts to consolidate cases before the JPML, *see* Mot. of Pls. for Transfer of

Actions to the U.S. District Ct. for the District of Columbia to a Judge Other than Bias [*sic*] RB

Walton for Possible Mediation of Actions Pursuant to 28 USC § 1407, *In re Kissi Litig.*, No.

MDL-2390 (J.P.M.L. June 19, 2012), Pls.' Summ. J. Mem. Ex. C, ECF No. 11-6; Mot. of Pet'r

Kissi to Transfer the Above Five Actions to the U.S. District Court for Central Cal. In Los

Angeles, *In re Kissi Litig.*, No. MDL-2399 (J.P.M.L. July 16, 2012), Pls.' Summ. J. Mem. Ex. H,

ECF No. 11-11; Br., *In re Kissi Litig.*, No. MDL-2425 (J.P.M.L. Nov. 30, 2012), Pls.' Summ. J.

Mem. Ex. O, ECF No. 11-18, or to transfer cases to, or bring cases in, U.S. District Court in

California, *see* Mot. to Transfer This Case to the U.S. District Court in Central Cal., Los Angeles to Join Case # 2:10-cv-04193, *Kissi v. Bank of Am.*, No. CAL-12-19720 (Md. Cir. Ct. Prince George's Cnty. July 31, 2012), Pls.' Summ. J. Mem. Ex. F, ECF No. 11-9; Third Compl., *supra*; Am. Claim in an Amount of $5 Million Against the Defs. For Defrauding the Pls., *Kissi v. Bank of Am.*, No. JFW-12-7540 (C.D. Cal. Sept. 4, 2012), Pls.' Summ. J. Mem. Ex. L, ECF No. 11-15; Mot. to Remove Trial Judge J.F. Motz Combined with Mot. to Transfer this Case to U.S. District Court for Central Cal., LA, *Kissi v. Bank of Am.*, No. JFM-12-1322 (D. Md. July 27, 2012), Pls.' Summ. J. Mem. Ex. U, ECF No. 11-24.

In addition, Plaintiffs attach numerous court rulings finding Kissi and Truvillion's filings to be frivolous, groundless, or filed for an improper purpose. *See* Mem., *Kissi v. Bank of Am.*, No. JFM-12-1322 (D. Md. June 27, 2012), Pls.' Summ. J. Mem. Ex. B, ECF No. 11-5 (finding that Kissi "has not stated any facts that state a plausible claim for relief" and noting his "long history of vexatious litigation"); C.D. Cal. Order, *supra* (noting that venue was improper in California and that Kissi was not a party to the Consent Order he alleged as the basis for jurisdiction, had not adequately alleged jurisdiction, and had failed to fill out his paperwork completely), Civil Mins.—General, *Kissi v. Bank of Am.*, No. JFW-12-7540 (C.D. Cal. Oct. 12, 2012), Pls.' Summ. J. Mem. Ex. M, ECF No. 11-16 (dismissing Kissi and Truvillion's claim for failure to assert any basis for jurisdiction); *Pramco* Inj., *supra* (enjoining Kissi or Truvillion from instituting certain actions or proceedings); *Pramco* Order, *supra* ¶ 1 (noting "Kissi's dozens of vexatious lawsuits"); Op. & Order 6, *Kissi v. United States*, No. TCW-11-347 (Fed. Cl. Nov. 22, 2011), Pls.' Summ. J. Mem. Ex. T, ECF No. 11-23 (referring to Kissi's "long history of making similar baseless accusations"). These specific instances are supplemented by the panoply of

judicial decisions finding Kissi and Truvillion to have engaged in a pattern of baseless, frivolous, and abusive litigation. *See supra* at 6–8.

Although Truvillion has not opposed summary judgment, Kissi appears to argue that there is a genuine issue as to whether Defendants' conduct has been frivolous. *See* Kissi Opp'n to Pls.' Dismiss & Summ. J. ("the Kissis have never filed any frivolous claim in any form anywhere as alleged by BOA et al" and "the Kissis respect the courts"). In support of that claim, Kissi points to "favorable rulings" that demonstrate an issue of fact. *Id.* Kissi's list of so-called favorable rulings does not contain a single instance in which he has prevailed on the merits of a claim. Rather, he cites a pair of interconnected cases vacated because the Circuit Court for Prince George's County had not held a hearing on an award of attorney's fees, *see* J., *Kissi v. EMC Mortgage Corp.*, No. 09-7077 (D.C. Cir. Nov. 30, 2010), Kissi Opp'n to Pls.' Dismiss & Summ. J. Ex. 41, 44, ECF No. 12-1; *Kissi v. EMC Mortgage Corp.*, No. 449 (Md. Ct. Spec. App. Aug. 13, 2009), Kissi Opp'n to Pls.' Dismiss & Summ. J. Ex. 46–49, ECF No. 12-1, one default judgment vacated by consent, Order, *Int'l Paper Corp. v. Yakima Paper Supplies Inc.*, No. 2012-SC2-1377 (D.C. Super. Ct. July 18, 2012), Kissi Opp'n to Pls.' Dismiss & Summ. J. Ex. 42, ECF No. 12-1, and the later dismissal of that case for want of prosecution, Order, *Int'l Paper Corp.*, No. 2012-SC2-1377 (D.C. Super. Ct. Sept. 13, 2012), Kissi Opp'n to Pls.' Dismiss & Summ. J. Ex. 43, ECF No. 12-1, and an incoherent and partially illegible list of apparent minor or technical victories without any supporting documentation, Evidence of Winnable Brs., Kissi Opp'n to Pls.' Dismiss & Summ. J. Ex. 40, ECF No. 12-1. The litigation "successes" identified by Kissi, when considered against the overwhelming number of instances where his actions have been deemed by courts across the country to be unmeritorious and vexatious, do not amount to even a "scintilla" of evidence to create a genuine dispute on the question of whether his actions against

Plaintiff have been frivolous. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient . . . .").

Even were this evidence sufficient to show that Kissi even once had brought a lawsuit in good faith, he is barred from asserting that he does not engage in frivolous litigation by the doctrine of collateral estoppel. "[T]he doctrine of collateral estoppel precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007) (quoting *Va. Hosp. Ass'n v. Baliles*, 830 F.2d 1308, 1311 (4th Cir. 1987)). At the very least, this Court's imposition of a prefiling injunction, Kissi Inj., *supra*, clearly and necessarily determined that Kissi "has repeatedly . . . instituted malicious and vexatious litigation in this Court, and inundated both the Clerk's office and chambers with frivolous documents." *Id.* at 2. That same opinion also held that Kissi "has lacked a good faith basis for instituting his various actions." *Id.* at 3. Therefore Kissi is estopped from contesting these facts and they are conclusively established as against Kissi.

But with respect to the remaining factors, Plaintiffs' motion comes up short. Plaintiffs have not shown any facts to demonstrate the burden on other parties—specifically on BANA and SLS—or the inadequacy of alternative sanctions.

With respect to the burden caused by Kissi's conduct, the effect on the courts is well-documented. *See, e.g.*, Kissi Inj., *supra*, at 2 ("The Court also finds that [Kissi] has become a substantial burden on judicial resources."). This case has shown Kissi to be no less burdensome on the Court than in his prior encounters with the judicial system. However, Plaintiffs have

presented no evidence respecting the burden on *Plaintiffs* caused by Kissi's conduct, and by seeking to make this Court the gatekeeper on any filing made by Kissi in any court, the injunction sought by Plaintiffs seems certain significantly to increase the burden on this Court, rather than reduce it.[16]

But most damning to Plaintiffs' motion for summary judgment is their failure to show any *facts* as to the inadequacy of alternative sanctions or why the sanction they seek would fill the remaining gaps. Indeed, since this lawsuit was filed, Defendants' ability to drag Plaintiffs into court has been curtailed significantly by the imposition of the Kissi Injunction, the DC Injunction, *Kissi v. Capitol Bank*, No. 2012-CA-8122B (D.C. Super. Ct. Jan. 3, 2013), and the JPML's order that no further filings will be permitted with respect to, *inter alia*, this matter, *In re: Kissi*, No. 2425, 2013 WL 489023, at *3–4 (J.P.M.L. Feb. 6, 2013). Plaintiffs have not shown why these alternative sanctions are not sufficient under the circumstances.

---

[16] This is particularly so here. Plaintiffs clearly have benefited from astute courts and judges at every turn and have pointed to no complaint or petition by Kissi that was not disposed of on a motion to dismiss, if not earlier. Given Kissi's past history, the likely effect of an injunction against filings in other courts would be little more than to convert every summary dismissal into an expansive contempt proceeding, magnifying the very burden Plaintiffs hope to avoid and shifting it squarely onto this Court. Unless the Court is presented with particularly powerful evidence of an inordinate burden on Plaintiffs that can be remedied effectively, it is difficult to see how this factor can weigh in favor of granting an injunction. Moreover, Plaintiffs have failed to demonstrate how the relief they seek would be effective, given the uniform disregard that Defendants have shown to all prior court orders enjoining them from filing further frivolous litigation. *Cf.* Restatement (Second) of Torts § 943 ("The practicability of drafting and enforcing an order or judgment for an injunction is one of the factors to be considered in determining the appropriateness of injunction against tort."); *see also Perel v. Brannan*, 594 S.E.2d 899, 905 (Va. 2004) ("[A] requested remedy may be denied if . . . the decree would necessarily be of the type whose enforcement would 'unreasonably tax the time, attention and resources of the court.'" (citations omitted)); Am. Jur. 2d Injunctions § 23 ("Under the maxim that equity will not do a vain thing, relief in an injunction will be denied if it is impracticable or impossible for the court to supervise or to enforce the future performance required by the injunction.").

Finally, a prefiling injunction must be "narrowly tailored to fit the particular circumstances of the case before the District Court." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also Cromer*, 390 F.3d at 819 (quoting *Brow* and examining whether injunction was narrowly tailored). Plaintiffs seek, in essence, a limitless injunction preventing Kissi and Truvillion from pursuing any action whatsoever in any court in the United States, without the say-so of a judge of this Court. *See* Pls.' Summ. J. Mot. Proposed Order 5-6, ECF No. 11-32. Plaintiffs have not shown any facts to support the conclusion that this is narrowly tailored. To the contrary, the relief they seek is as sweepingly broad as it is destined to be ineffective.

Because Plaintiffs have not shown any admissible facts with respect to two necessary elements for a pre-filing injunction or the narrow tailoring of the injunction they seek, Plaintiffs' Motion for Partial Summary Judgment cannot be granted on the record presently before the Court. However, because it appears that the failure to introduce admissible facts may be an oversight, and there may, in fact, be no genuine issues of material fact, Plaintiffs may have an opportunity to "properly support" their motion. Fed. R. Civ. P. 56(e). Accordingly, Plaintiffs' motion is DENIED without prejudice, and Plaintiffs may have the opportunity to renew their motion with an expanded factual record.

### E. Additional Kissi Motions

Kissi has filed three additional motions, to which I now must turn.

First, Kissi has filed what appears to be a motion to transfer this case to the U.S. District Court for the Central District of California. Mixed in among scandalous and irrelevant material are two bases for transfer: first, that the Central District of California holds jurisdiction over a consent decree relevant to Kissi's claims, and second, that Judge Legg "had ruled that no federal judge in MD should hear a Kissi case." Kissi Transfer Mot. 1. The Central District of California

27

already has rejected Kissi and Truvillion's claims with respect to the Consent Judgment and Order and found that they lack jurisdiction over Kissi's claims. *Kissi v. Bank of Am.*, No. JFW-12-7840 (C.D. Cal. Oct. 12, 2012). And Kissi provides no factual basis as to why any judge of this Court is obligated to recuse himself from Kissi's case. *Cf.* Mem. Op., *Pramco II, LLC v. Kissi*, No. PJM-03-2241 (D. Md. June 20, 2008), ECF No. 338 ("All motions for recusal of the undersigned from sitting in these cases based on alleged bias, racial or otherwise, are fanciful."). Accordingly, the motion to transfer is DENIED.

Second, Kissi has filed a "Motion to Dismiss Bank of America et al's Motion for Legal Fees." The Court is unsure how best to construe this motion. If it is an opposition to Plaintiffs' request for legal fees, it is unripe. Although Plaintiffs have sought "reasonable attorney's fees" in the *ad damnum* of their Complaint, Compl. 11, no motion for fees has been filed and there is nothing for Kissi to oppose. If Kissi's motion is a motion to dismiss the second count of Plaintiffs' complaint, which, *inter alia*, seeks compensation for past legal expenses, then it is untimely under Fed. R. Civ. P. 12(a) and, in any event, cannot succeed for the same reason as Kissi's original motion to dismiss. Accordingly, the motion is DENIED.

Third, Kissi has filed an "Amended Opposition to Summary Judgment—Combined with a Request to Stay Proceedings." This will be construed as a motion to stay, *see supra* notes 3, 5, on the grounds that Kissi's "current unjust imprisonment for 10 months creates an 'exceptional' situation or an impediment that justifies staying the above proceedings for now." Kissi Stay Mot. 1. Kissi was found in violation of the conditions of his supervised release and a judgment was entered on February 13, 2013, at which time he was remanded to the custody of the U.S. Marshalls. *See* J. in a Criminal Case, *United States v. Kissi*, No. AW-05-254 (D. Md. Feb. 13, 2013). Although it appears from the record that he has been incarcerated since then, Kissi has

submitted or joined in nine submissions to this Court in that time.  Clearly, incarceration for his abuse of and toward the courts has not slowed Kissi down to any perceptible degree any more than it has taught him to respect the judicial system.  Accordingly, his motion to stay is DENIED.

Finally, in an abundance of caution, to the extent that this Court has failed to recognize any additional motions or requests for relief submitted by any party, any such requests are summarily DENIED as failing to comply with Fed. R. Civ. P. 7(b)(1).

## IV.    A CASE MANAGEMENT ORDER WILL FOLLOW

The docket in this case has become almost irreparably convoluted due to a number of confusingly filed motions, motions seeking multiple forms of relief, supplemental filings, and consolidated replies, placing a substantial burden on the Clerk of this Court.  To avoid future confusion and to prevent future duplicative or frivolous filings, this Court will issue a Case Management Order within two weeks of this Memorandum Opinion.  *See* Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under [the Rules Enabling Act], and the district's local rules.").  This Court's Case Management Order will provide for motions practice and discovery as are necessary and appropriate to this case. Until such time as the Case Management Order is in place, neither party may file any motions or propound any discovery requests, and any attempted filings with this Court will be summarily stricken.

The only filings that will be permitted in the interim are Defendants' Answers, which shall be filed no later than September 30, 2013, and any responsive pleadings that may be expressly permitted or required by Fed. R. Civ. P. 7(a) and 12(a)(1)(A)–(B).  Pursuant to Fed. R.

Civ. P. 12(f)(1), this Court, *sua sponte*, will "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## V.    CONCLUSION

In sum, for the reasons stated above:

(1) Defendant David Kissi's Motion to Dismiss Bank of America's Claim Combined with the Kissis' $100 Million Counter-Claim Against Bank of America, Countrywide, Specialized Loan Servicing, LLC, EMC, Chase Mortgage Bank, JP Morgan, David Panzer, John Burson, Sanford Saunders and Greenberg Traurig Law Firm is GRANTED with respect to Count Two and otherwise is DENIED and his counterclaim is STRICKEN;

(2) Plaintiffs' Motion to Dismiss Kissi's Counterclaim is GRANTED;

(3) Plaintiffs' Motion for Partial Summary Judgment is DENIED without prejudice and with leave to re-file with an expanded factual showing;

(4) Plaintiffs' Motion for Alternative Service, or in the Alternative, for an Extension of Time to Serve Edith Truvillion is DENIED as moot;

(5) Kissi's motion to transfer this case is DENIED;

(6) Kissi's Motion to Dismiss Bank of America et al's Motion for Legal Fees is DENIED;

(7) Kissi's motion to stay these proceedings is DENIED;

(8) Defendant Edith Truvillion's Motion to Dismiss Bank of America et al's Claim Combined with a Motion for a Stay on Kissi Counter-Claim is DENIED; and

Defendants will file an Answer no later than September 13, 2013, and with the exception of responsive pleadings as expressly provided for herein, no filings will be permitted from either party until this Court has issued its Case Management Order.

A separate order shall issue.

Dated: <u>September 6, 2013</u>                              _____/S/_____

                                                            Paul W. Grimm
                                                            United States District Judge

dsy